STATE OF CONNECTICUT *v.* MICHAEL
CONSTANTOPOLOUS
(AC 20815)

Schaller, Bishop and Stoughton, Js.

Argued January 16—officially released April 2, 2002

---

*Michael Constantopolous*, pro se, the appellant (defendant).

*Gerard P. Eisenman*, senior assistant state's attorney, with whom, on the brief, was *Jonathan Benedict*, state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The pro se defendant, Michael Constantopolous, appeals from the order of the trial court denying his motion to correct an illegal sentence. The defendant claims that (1) his sentence was illegal and (2) his sentence was imposed in an illegal manner because the court improperly advised him during his plea canvass that he would be eligible for parole.[1] We affirm the judgment of the trial court.

In February, 1989, the defendant was involved in a dispute that resulted in the shooting deaths of two victims. The defendant was arrested, charged by the state with two counts of murder in violation of General Statutes § 53a-54a and tried before a jury. At trial, shortly before the conclusion of the evidence, the defendant entered pleas of guilty to a substitute information charging him with manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3), murder in violation of General Statutes § 53a-54a (a) and carrying a pistol without a permit in violation of General Statutes §§ 29-35 and 29-37 (b). Thereafter, the court sentenced the

_____

[1] We note that the defendant did not appeal from the judgment of conviction.

defendant to concurrent terms of thirty-five years on the murder charge, twenty years on the manslaughter charge and five years on the charge of carrying a pistol without a permit, for a total effective sentence of thirty-five years.

More than eight years later, the defendant filed a motion to correct an illegal sentence. The defendant claimed, inter alia, that his sentence was illegal because the court improperly led him to believe that if he entered the pleas he would be eligible for parole. The defendant based his claim on the following statement by the sentencing court: "As you are charged with capital felony given to natural lives you would have no benefit of parole. *That is not in the cards at this time.*" (Emphasis added.) The defendant argued that that his sentence was ambiguous and contradictory because he was ineligible for parole on the murder conviction, but was eligible for parole on the conviction of manslaughter and carrying a pistol without a permit. After a hearing and the submission of briefs by both parties, the trial court concluded that the defendant's sentence was consistent with the relevant statutory provisions and denied the motion in a written memorandum of decision. This appeal followed.[2]

The defendant first claims that, because his sentence was illegal, the court improperly denied his motion to correct the illegal sentence. We disagree.

The defendant's claim involves a question of law. Our review is, therefore, plenary. *State* v. *Wall,* 40 Conn. App. 643, 654, 673 A.2d 530, cert. denied, 237 Conn. 924, 677 A.2d 950 (1996).

---

[2] In response to the defendant's subsequent motion for articulation, the court issued a memorandum of decision dated December 13, 2000, further explaining the factual and legal basis for denying the motion. The court determined that the fact that the defendant "inferred from the court's comments that he would be eligible for parole does not in any way invalidate the defendant's plea or sentence."

Practice Book § 43-22 provides that "[t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner." Accordingly, "[b]oth the trial court and this court, on appeal, have the power, at any time, to correct a sentence that is illegal." (Internal quotation marks omitted.) *State* v. *Cator*, 256 Conn. 785, 804, 781 A.2d 285 (2001).

"An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory." (Internal quotation marks omitted.) *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 38, 779 A.2d 80 (2001); *State* v. *McNellis*, 15 Conn. App. 416, 443–44, 546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988), citing 8A J. Moore, Federal Practice, para. 35.03[2], pp. 35-35 through 35-36. The remedies available for correcting an illegal sentence include reconstructing the sentence to conform to its original intent or to the plea agreement, eliminating a sentence previously imposed for a vacated conviction or resentencing a defendant if it is determined that the original sentence was illegal. *Cobham* v. *Commissioner of Correction*, supra, 39.

In the present case, the defendant's claim that the court improperly led him to believe that he would be eligible for parole, even if accurate, does not result in an illegal sentence. The sentence did not exceed the relevant statutory maximum limits or violate the defendant's right against double jeopardy, and the defendant does not claim on appeal that the sentence was ambiguous or internally contradictory. Furthermore, the defendant cites no case law, and we are aware of none, supporting the proposition that a defendant's failure, at the time of the plea, to comprehend fully the terms of his sentence renders the sentence illegal. Accord-

ingly, we conclude that the court properly denied the defendant's motion to correct.

The defendant also claims that the court improperly denied his motion to correct because his sentence was imposed in an illegal manner. We decline to review this claim.

In his motion, the defendant did not claim that his sentence was imposed in an illegal manner.[3] When a claim is raised for the first time on appeal, our review of the claim is limited to review under either the plain error doctrine or *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[4] *State* v. *Rodriguez*, 68 Conn. App. 303, 308, 791 A.2d 621 (2002). The defendant did not request review of his claim under either of those doctrines. "As this court has previously noted, it is not appropriate to engage in a level of review that is not requested." (Internal quotation marks omitted.) Id. Accordingly, we decline to review the defendant's claim.

The judgment is affirmed.

---

[3] Sentences imposed in an illegal manner have been defined as being within the relevant statutory limits but imposed in a way that violates the defendant's rights, such as the right to be addressed personally at sentencing and to speak in mitigation of punishment, the right to be sentenced by a judge relying on accurate information or considerations solely in the record, or the right that the government keep its plea agreement promises. *State* v. *McNellis*, supra, 15 Conn. App. 444.

[4] Under *State* v. *Golding*, supra, 213 Conn. 239–40, a defendant may prevail on a constitutional claim unpreserved at trial if the following conditions are met: "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt."