[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO CORRECT SENTENCE
Before the court is the defendant's Motion to Correct Sentence, dated April 17, 2002.
Briefly stated, the defendant was convicted by guilty pleas in three separate cases, including the instant one, of narcotics related offenses. Pursuant to a plea agreement, the court sentenced him to a total effective sentence of fifteen years suspended after eight years, and five years probation. The reason for the motion to correct relates to the circumstance that in the case at bar, the defendant had made bond and had not been held on a mittimus. In the remaining two files, which involved offenses prior to those in this case but where the arrests occurred subsequently, the defendant did not make bond and was, in fact, held on mittimus from the time of those arrests. These circumstances caused the defendant not to receive pretrial confinement credit of some 403 days in the instant case. The defendant claims, therefore, that this resulted in a total effective sentence of fifteen years suspended after nine years, three months, in contravention of the plea agreement.[1]
The defendant's motion to correct sentence is made under Practice Book section 43-22.[2] The threshold issue is, therefore, whether the court imposed a sentence which may be corrected under that section.
This court first notes the jurisdictional framework that adheres upon the imposition of any sentence. In Cobham v. Commissioner, 258 Conn. 30
(2001), the Supreme Court stated that:
 "This court has held that the jurisdiction of the sentencing court terminates once a defendant's sentence has begun, and, therefore, that court may no longer take any action affecting a defendant's sentence unless it expressly has been authorized to act. State v. Walzer, 208 Conn. 420, 424-25, 545 A.2d 559
CT Page 15651 (1988); see also State v. Mollo, 63 Conn. App. 487, 490, [776] A.2d [1176] (2001) [brackets added]; State v. Tuszynski, 23 Conn. App. 201, 206, 579 A.2d 1100
(1990), Practice Book § 43-22, which provides the trial court with such authority, provides that "[t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner." "An `illegal sentence' is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory." State v. McNellis, 15 Conn. App. 416, 443-44, 546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988)," Cobham, at 37-38.
Moreover, "[A] sentence imposed within statutory limits is generally not subject to review. State v. McNellis, 15 Conn. App. 416, 445,546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988)," Statev. Francis, 69 Conn. App. 378, 384 (2002), cert. denied, 260 Conn. 935
(2002), The defendant here does not, and cannot, state that his sentence was "illegal," as defined in Cobham and McNellis.
The real gravamen of the defendant's claim is that the sentence imposed did not comport with the intent of the plea agreement, at least insofar as that intent was understood by him. The defendant maintains that he was led to believe that he would receive as credit against his sentence in the instant case all of the time he had remained incarcerated, even though he had made bond and was not being held on a mittimus. He refers to instances in the transcript of his guilty pleas to comments made by the court, the prosecutor and his attorney.
This contention brings the motion to correct under the control of Statev. Constantopolous, 68 Conn. App. 879 (2002), cert. denied, 260 Conn. 927
(2002), There, the defendant filed a motion to correct his sentence stating that it was illegal because, inter alia, ". . . the court improperly led him to believe that if he entered the pleas he would be eligible for parole . . ." Constantopolous, supra, at 881, when, in fact, he would not be so eligible. The Appellate Court in affirming the trial court's denial of the motion stated:
 "In the present case, the defendant's claim that the court improperly led him to believe that he would be eligible for parole, even if accurate, does not result CT Page 15652 in an illegal sentence. The sentence did not exceed the relevant statutory maximum limits or violate the defendant's right against double jeopardy, and the defendant does not claim on appeal that the sentence was ambiguous or internally contradictory. Furthermore, the defendant cites no case law, and we are aware of none, supporting the proposition that a defendant's failure, at the time of the plea, to comprehend fully the terms of his sentence renders the sentence illegal." Constantopolous, supra, at 882.
Here, as in Constantopolous, the defendant's claims are not appropriate for relief under a motion to correct sentence. The claims do not attack the validity of the sentence. Therefore, this court lacks jurisdiction. "A rule of practice may not confer jurisdiction on the trial court. Simms v. Warden, 229 Conn. 178, 184, 640 A.2d 601 (1994), Because the judiciary cannot confer jurisdiction on itself through its own rule-making power, Practice Book § 43-22 is limited by the common-law: rule that a trial court may not modify a sentence if the sentence was valid and execution of it has' begun. See Kohlfuss v. Warden, 149 Conn. 692, 695, 183 A.2d 626, cert. denied, 371 U.S. 928, 83 S.Ct. 298, 9 L.Ed.2d 235 (1962)," Statev. Mollo, 63 Conn. App. 487, 492 (2001), cert. denied, 257 Conn. 904
(2001); also, State v. Francis, 69 Conn. App. 378, 384 (2002), cert. denied, 260 Conn. 935 (2002),
For the foregoing reasons, the defendant's motion to correct sentence is dismissed.
 ___________________ KAVANEWSKY, J.