STATE OF CONNECTICUT v. MICHAL KOSUDA
(AC 23048)

Lavery, C. J., and Schaller and Hennessy, Js.

Argued March 24—officially released September 21, 2004

*Eugene E. Chmura*, for the appellant (defendant).

*Rita M. Shair*, senior assistant state's attorney, with whom were *Scott J. Murphy*, state's attorney, and, on the brief, *Brian W. Preleski*, assistant state's attorney, for the appellee (state).

*Opinion*

HENNESSY, J. The defendant, Michal Kosuda, appeals from the judgment of conviction, rendered after his guilty plea, of robbery in the first degree in violation of General Statutes § 53a-134 (a) (1), assault in the second degree in violation of General Statutes § 53a-60 (a) (1) and assault of a peace officer in violation of General Statutes § 53a-167c (a) (1). On appeal, the defendant claims that his sentence constitutes cruel and unusual punishment in violation of the United States and Connecticut constitutions and is not proportional to the penalties imposed in similar cases, and that the trial court improperly failed to consider mitigating factors and alternatives to incarceration when sentenc-

ing him. We affirm in part and reverse in part the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. On the morning of October 9, 2001, the defendant, who was eighteen years old, was crouched down near the entrance to the Webster Bank on South Main Street in New Britain. As the victim, an eighty-two year old woman, was crossing the parking lot, the defendant grabbed her purse from her arm and ran away. As a result of the defendant's actions, the victim was knocked to the ground and suffered a fractured left hip. She thereafter required emergency hip replacement surgery and endured a long period of rehabilitation. The police searched the area for the perpetrator based on the descriptions given by the victim and a witness. A man who fit those descriptions, later identified as the defendant, fled when he saw police officers approaching him. William Durkin, an officer with the New Britain police department, caught the defendant, but the defendant escaped after he struggled with Durkin and struck him in the face. The defendant, however, was apprehended by several New Britain police officers shortly thereafter.

After electing a trial by jury, the defendant accepted the terms of the state's plea offer and withdrew his jury election. In its plea agreement with the defendant, the state agreed to recommend a sentence that would not exceed thirty-five years imprisonment, execution suspended after twelve years, and five years probation. The defendant retained the right to argue for a lesser sentence. On January 29, 2002, the defendant entered a plea of guilty. On April 18, 2002, the court, in accordance with the plea agreement, sentenced the defendant to concurrent terms of imprisonment of twenty years on the charge of robbery in the first degree, ten years on the charge of assault in the second degree and ten years on the charge of assault of a peace officer. The total

effective sentence imposed was twenty years, execution suspended after twelve years and five years probation. In May, 2002, the defendant filed an application and motion for sentence modification, which the court denied. This appeal followed.

Initially, we note that assault in the second degree in violation of § 53a-60 (a) (1), is a class D felony, which pursuant to General Statutes § 53a-35a carries a maximum sentence of five years imprisonment. The defendant's sentence of ten years imprisonment for his conviction of assault in the second degree exceeds that statutory maximum penalty and, therefore, it is illegal. Accordingly, we remand the case to the trial court for resentencing on that count in accordance with § 53a-35a. See *State* v. *Carpenter*, 19 Conn. App. 48, 51 n.1, 562 A.2d 35, cert. denied, 213 Conn. 804, 567 A.2d 834 (1989).[1]

On appeal, the defendant does not challenge the legality of his guilty plea. Rather, he claims that the severity of the sentences imposed by the court, in view of the circumstances of the offense and in light of the defendant's age and prior criminal history, amount to cruel and unusual punishment in violation of the federal and state constitutions. We disagree.

"It is well established that when the sentence imposed is within the limits fixed by statute for the

[1] The state raised this issue for the first time on appeal. Although it was not raised by either party before the sentencing court, "[i]t is reviewable on direct appeal, even when the defendant did not object when [the sentence] was imposed, or move to correct it." *State* v. *Ortiz*, 83 Conn. App. 142, 166, 848 A.2d 1246, cert. denied, 270 Conn. 915, 848 A.2d 1246 (2004). "Practice Book § 43-22 provides that [t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner. Accordingly, [b]oth the trial court, and this court, on appeal, have the power *at any time*, to correct a sentence that is illegal." (Emphasis added; internal quotation marks omitted.) *State* v. *Constantopolous*, 68 Conn. App. 879, 882, 793 A.2d 278, cert. denied, 260 Conn. 927, 798 A.2d 971 (2002).

offenses charged, an appellate claim that the sentence is excessive is nothing more than an appeal for clemency and a request that this court exercise discretionary authority it does not possess. . . . [W]e have no discretionary power to modify or overturn a sentence that was within the limits fixed by statute for the offense charged except where a trial court appears to have abused its discretion. . . . Abuse of discretion, however, means more than that the defendant's sentence was too severe. . . . Where the trial court has properly considered all of the offenses proved and imposed a sentence within the applicable statutory limitations, there is no abuse of discretion." (Citations omitted.) *State* v. *Baldwin*, 224 Conn. 347, 370–71, 618 A.2d 513 (1993).

The defendant does not claim that the terms of incarceration imposed by the court went beyond the limits set by the legislature.[2] Instead, he claims, for the first time on appeal, that the sentencing scheme that was employed violated his right to equal protection under the state and federal constitutions. His claim is based on his perception that "less severe sentences were imposed for more serious, identical or similar crimes with respect to other defendants."

In his appellate brief, the defendant requests that, "even if any [of his] constitutional claims were not preserved for review, such claims should be reviewed under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989)." That one sentence request for *Golding* review lacks the requisite analysis of its application to the case at hand. The "failure to address the four prongs

---

[2] Pursuant § 53a-35a, the penalty for robbery in the first degree, a class B felony, is not less than one nor more than twenty years imprisonment; the penalty for assault in the second degree, a class D felony, is not less than one year nor more than five years imprisonment; and the penalty for assault of a peace officer, a class C felony, is not less than one year nor more than ten years imprisonment.

of *Golding* amounts to an inadequate briefing of the issue and results in the unpreserved claim being deemed abandoned." (Internal quotation marks omitted.) *State v. David P.*, 70 Conn. App. 462, 474, 800 A.2d 541, cert. denied, 262 Conn. 907, 810 A.2d 275 (2002). Accordingly, we decline to review these unpreserved claims.

The defendant further contends that because he had the right to argue for less than a minimum of twelve years imprisonment, he assumed that the sentencing court would show some leniency, consider the mitigating factors and, ultimately, sentence him to less than twelve years imprisonment. Those arguments are unavailing.

When sentencing the defendant, the court considered the circumstances of the offense, including the effect it had on the victim, the defendant's age, his past history with the criminal justice system, his family circumstances, his education, his employment and his drug problems. The court concluded that the facts did not justify a reduction in the sentence recommended by the state.[3] We conclude that the court did not abuse its discretion in sentencing the defendant in accordance with the plea agreement.

The judgment is reversed only as to the sentence on the conviction of assault in the second degree and the case is remanded for resentencing in accordance with the law. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

---

[3] The defendant also argued that he qualifies for the "special alternative to incarceration program for young male defendants" pursuant to General Statutes § 53a-39b. The defendant, as a result of his conviction of § 53a-134, is not eligible to participate in that program.