BEACH, J.
*251 The defendant, Ronnie Ovesen, appeals from the trial court's judgment granting his motion to correct an illegal sentence. The defendant had been convicted of one count of sexual assault in the first degree in violation of General Statutes (Rev. to 2008) § 53a-70 (a) (1)[1] and one count of strangulation in the second degree in violation of General Statutes § 53a-64bb. On appeal, the defendant argues that, upon granting his motion and resentencing him, the court imposed *252 an illegal sentence. We reverse the judgment of the trial court and remand the case with direction to reinstate the defendant's original sentence.
In September, 2009, the defendant pleaded guilty pursuant to the Alford doctrine[2] to one count of sexual assault in the first degree and one count of strangulation in the second degree. The defendant was sentenced on the first count to twenty years incarceration, suspended after eleven *1174 and one-half years, with ten years probation, and on the second count to one year of incarceration to run concurrently, for a total effective sentence of twenty years incarceration, suspended after eleven and one-half years, with ten years probation. Approximately four years later, the defendant filed a motion to correct an illegal sentence, alleging that because his sentence included a period of probation, rather than a period of special parole, it violated our Supreme Court's holding in State v. Victor O. , 301 Conn. 163, 193-94, 20 A.3d 669 (Victor O. I ), cert. denied, 565 U.S. 1039, 132 S. Ct. 583, 181 L.Ed. 2d 429 (2011), and was unlawful under § 53a-70. The state conceded before the trial court that the defendant's original sentence was illegal, and the court, Fasano, J. , vacated the defendant's original sentence and imposed a new total effective sentence of eleven and one-half years incarceration followed by eight and one-half years of special parole. The defendant appealed, claiming that the new sentence was illegal, as well.
At the time of the defendant's resentencing, both the parties and the court interpreted our Supreme Court's holding in Victor O. I to mean that a person convicted of sexual assault under § 53a-70must be sentenced to a period of imprisonment and special parole. Our *253 Supreme Court has since clarified that Victor O. I should not be interpreted in this manner. State v. Victor O. , 320 Conn. 239, 247, 128 A.3d 940 (2016) (Victor O. II ) ("[t]o the extent that anything we may have said [in Victor O. I ] can be construed as deciding the somewhat challenging question of statutory interpretation presented by the present appeal, it was not our intention to do so"); see id., at 247-48, 128 A.3d 940 n.9. Instead, the court in Victor O. I "intended only to explain that probation was prohibited and that special parole was the only form of supervised release that could be imposed"; Victor O. II , supra, at 248 n.9 ; in sentencing a defendant convicted of a class A felony. Id., at 246. Victor O. II held that § 53a-70 does not require a court to impose any period of special parole. Id., at 242, 258, 128 A.3d 940. Because the defendant in the present case was convicted of a class B felony, there is no such restriction on the imposition of probation. Accordingly, the original sentence of twenty years incarceration, suspended after eleven and one-half years, with ten years of probation to follow, did not violate § 53a-70, and the sentence therefore was not illegal.[3]
The judgment is reversed and the case is remanded with direction to vacate the defendant's second sentence and to reinstate his original sentence.
In this opinion the other judges concurred.

General Statutes § 53a-70 was amended by No. 15-211, § 16, of the 2015 Public Acts. The events underlying the defendant's conviction occurred in 2008. Accordingly, unless otherwise indicated, all references to § 53a-70 in this opinion are to the 2008 revision of the statute.

North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

Although this construction does not appear to have been advanced in the trial court, we understand that the parties and the court relied on a reasonable, but ultimately mistaken, interpretation of Victor O. I. In its brief, the state advanced the argument, which we now adopt, and the defendant had the opportunity to respond. Although the error was not preserved, we nonetheless reach the issue pursuant to our supervisory authority because, in light of our Supreme Court's decision in Victor O. II, there functionally has been an intervening change in the law. See Blumberg Associates Worldwide, Inc. v. Brown & Brown of Connecticut, Inc., 311 Conn. 123, 159, 84 A.3d 840 (2014).