******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* JAMAR HEATH
(AC 38027)

Keller, Mullins and Beach, Js.

*Argued February 23—officially released June 6, 2017*

(Appeal from Superior Court, judicial district of New Haven, Damiani, J. [judgment]; Clifford, J. [motion to correct illegal sentence].)

*Laurie N. Feldman,* special deputy assistant state's attorney, with whom, on the brief, were *Patrick Griffin,*

state's attorney, *Michael Dearington*, former state's attorney, and *Lisa D'Angelo*, assistant state's attorney, for the appellant-appellee (state).

*Stephan E. Seeger*, with whom, on the brief, was *Igor G. Kuperman*, for the appellee-appellant (defendant).

*Opinion*

MULLINS, J. The state appeals and the defendant, Jamar Heath, cross appeals from the judgment of the trial court granting in part the defendant's motion to correct an illegal sentence.[1] In its appeal, the state, in reliance on *State* v. *Victor O.*, 320 Conn. 239, 128 A.3d 940 (2016) (*Victor O. II*), and *State* v. *Jason B.*, 320 Conn. 259, 128 A.3d 937 (2016), claims that the trial court incorrectly concluded that General Statutes (Rev. to 2007) § 53a-70 (b) (3)[2] *required* the court to sentence the defendant to a period of special parole for his conviction of sexual assault in the first degree. In his cross appeal, the defendant claims that the court improperly resentenced him to a total effective sentence that exceeds his original sentence.[3] We agree with the state and, accordingly, reverse the judgment of the trial court.

The following factual and procedural history informs our review. In 2008, the defendant pleaded guilty to two class B felonies, sexual assault in the first degree in violation of § 53a-70 (a) (1) and assault in the first degree in violation of General Statutes § 53a-59 (a) (3). The court imposed the following agreed upon sentence: On the count of sexual assault in the first degree, the court sentenced the defendant to twenty years incarceration, execution suspended after fifteen years, with ten years of probation; on the count of assault in the first degree, the court sentenced the defendant to five years incarceration, execution suspended, with five years of probation, ordered to run consecutive to the other sentence. The total effective sentence, therefore, was twenty-five years incarceration, execution suspended after fifteen years, with ten years of probation.

Subsequently, the defendant filed a motion to correct an illegal sentence, alleging that his sentence for sexual assault in the first degree was illegal because it included a period of probation rather than a period of special parole. In support of this claim, the defendant relied on *State* v. *Victor O.*, 301 Conn. 163, 166, 193, 20 A.3d 669, cert. denied, U.S. , 132 S. Ct. 583, 181 L. Ed. 2d 429 (2011) (*Victor O. I*), and § 53a-70 (b) (3). The defendant argued that, for his sentence to comply legally with § 53a-70 (b) (3), as interpreted by *Victor O. I*, the trial court was required to do each of the following: (1) add a term of special parole to the sexual assault in the first degree conviction, (2) eliminate any term of probation, and (3) reduce his unsuspended term of incarceration by the length of the added term of special parole.

During the hearing on the motion, the state argued that § 53a-70 (b) (3) and *Victor O. I* do not require the imposition of a period of special parole for a conviction of sexual assault in the first degree. The court, however, agreed with the defendant and vacated the original sentence.[4] Thereafter, the court resentenced the defendant

to a term of fifteen years incarceration followed by five years of special parole. The court left intact the original sentence on the assault conviction of five years incarceration, execution suspended, with five years of probation, which was ordered to run concurrent with the sexual assault sentence. The new total effective sentence instituted by the court was twenty years incarceration, execution suspended after fifteen years, with five years of special parole and five years of probation, ordered to run concurrent. Both parties appealed.

On appeal, the state claims that the trial court incorrectly determined that it was required to resentence the defendant to a period of special parole for his conviction of sexual assault in the first degree pursuant to § 53a-70 (b) (3). Although acknowledging that "it is now clear that in cases involving class B felony sexual assault in the first degree, a period of special parole is not a required sentence component"; see *Victor O. II*, supra, 320 Conn. 239; *State* v. *Jason B.*, supra, 320 Conn. 259; the defendant argues, nonetheless, that we should not give retroactive effect to the Supreme Court decisions in *Victor O. II* and *Jason B.* because they amounted to a change in the law and he had relied on the law as it existed at the time he filed his motion. We conclude that this case is controlled by our decision today in the companion case of *State* v. *Ruiz*, 173 Conn. App.   ,   A.3d   (2017), in which we fully addressed the retrospective applicability of *Victor O. II* and *Jason B.* under similar arguments and rejected the claims that those cases amounted to a change in the law. Therefore, the trial court improperly granted the defendant's motion to correct an illegal sentence.

The judgment is reversed and the case is remanded with direction to reinstate the defendant's original sentence and to deny his motion to correct an illegal sentence.

In this opinion the other judges concurred.

[1] Although the parties initially filed separate appeals, this court ordered that the appeals be combined and be treated as cross appeals. This court also granted a motion filed by the state to stay briefing in this appeal pending the decisions of our Supreme Court in *State* v. *Victor O.*, 320 Conn. 239, 128 A.3d 940 (2016), and *State* v. *Jason B.*, 320 Conn. 259, 128 A.3d 937 (2016).

[2] General Statutes (Rev. to 2007) § 53a-70 (b) (3) provides: "Any person found guilty [of sexual assault in the first degree] shall be sentenced to a term of imprisonment and a period of special parole pursuant to subsection (b) of section 53a-28 which together constitute a sentence of at least ten years." Hereinafter, unless otherwise indicated, all references to § 53a-70 (b) (3) in this opinion are to the 2007 revision of the statute.

[3] Because we conclude that the defendant's original sentence was not illegal and, therefore, should be reinstated, we need not determine whether his new sentence exceeds his original sentence.

[4] The state also requested that the court defer its ruling because *Victor O. II* was pending before our Supreme Court. The trial court, however, declined to defer its ruling. It then concluded that, although it did not necessarily agree with what it considered to be the Supreme Court's interpretation of § 53a-70 (b) (3) in *Victor O. I*, the decision in *Victor O. I* could only be read as requiring the imposition of a period of special parole.