******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* JESUS RUIZ
(AC 38025)
(AC 38232)

Keller, Mullins and Beach, Js.

*Argued February 23—officially released June 6, 2017*

(Appeal from Superior Court, judicial district of New Haven, Thompson, J. [judgment]; Clifford, J. [motion to correct].)

*Laurie N. Feldman*, special deputy assistant state's attorney, with whom, on the brief, were *Patrick Griffin*, state's attorney, *Michael Dearington*, former state's attorney, and *Lisa D'Angelo*, assistant state's attorney, for the appellant-appellee (state).

*Stephan E. Seeger*, with whom, on the brief, was *Igor G. Kuperman*, for the appellee-appellant (defendant).

*Opinion*

MULLINS, J. The state appeals from the judgment of the trial court granting in part the defendant's motion to correct an illegal sentence. In reliance on *State* v. *Victor O.*, 320 Conn. 239, 128 A.3d 940 (2016) (*Victor O. II*), and *State* v. *Jason B.*, 320 Conn. 259, 128 A.3d 937 (2016), the state claims that the trial court improperly held that the defendant's original sentence was illegal because it did not include a period of special parole. The defendant, Jesus Ruiz, cross appeals from the judgment of the trial court. The defendant claims that the court resentenced him to a total effective sentence that improperly exceeds his original sentence. We conclude that the defendant's original sentence was not illegal for lack of a period of special parole.[1] Accordingly, we reverse the judgment of the trial court.

The following facts and procedural history inform our review. On July 1, 2008, following a jury trial, the Superior Court rendered a judgment of conviction against the defendant on two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2), one count of risk of injury to a child in violation of General Statutes § 53-21 (a) (2), and one count of sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (A). The conduct supporting these charges arose out of two incidents of sexual contact that the defendant had with the child victim sometime between 2002 and 2003, when the victim was five or six years old and in first or second grade.

On October 2, 2008, the court sentenced the defendant as follows: On the first count of sexual assault in the first degree, the court sentenced the defendant to seventeen years incarceration, execution suspended after twelve years, with ten years of probation; on the second count of sexual assault in the first degree, the court sentenced the defendant to twelve years incarceration; on the count of risk of injury to a child, the court sentenced the defendant to ten years incarceration; and on the count of sexual assault in the fourth degree, the court sentenced the defendant to one year incarceration. The court ordered all sentences to run concurrently, for a total effective sentence of seventeen years incarceration, execution suspended after twelve years, with ten years of probation. This court affirmed the defendant's conviction on direct appeal. *State* v. *Ruiz*, 124 Conn. App. 118, 3 A.3d 1021, cert. denied, 299 Conn. 908, 10 A.3d 525 (2010).[2]

On April 17, 2015, the defendant filed a motion to correct an illegal sentence. In that motion, the defendant claimed that his sentences on each count of sexual assault in the first degree were improper because they did not include a period of special parole as he alleged was required by General Statutes (Rev. to 2001) § 53a-70 (b) (3), as amended by Public Acts 2002, No. 02-138,

§ 5,[3] and by *State* v. *Victor O.*, 301 Conn. 163, 166, 193, 20 A.3d 669, cert. denied, U.S. , 132 S. Ct. 583, 181 L. Ed. 2d 429 (2011) (*Victor O. I*). The defendant alleged that, for his sentence to comply legally with § 53a-70 (b) (3) and *Victor O. I*, the trial court was required to do each of the following: (1) add a term of special parole to each count of first degree sexual assault, (2) eliminate any term of probation, and (3) reduce his unsuspended term of incarceration by the length of the added term of special parole. The defendant argued in his motion that the law "does not authorize a sentence of imprisonment, special parole, *and* probation. Accordingly, once the court adds special parole to the sentence, it must remove probation." (Emphasis in original.)

The trial court conducted a hearing on April 30, 2015. The parties initially assumed that the defendant's conviction of the sexual assault in the first degree charges was for a class B felony. During the hearing, however, the court raised a concern about whether a conviction of that crime was for a class A felony rather than for a class B felony because the legislature had changed the classification during the period the crimes were alleged to have occurred.[4] Ultimately, the court ruled that, regardless of whether the defendant's conviction was for a class A or a class B felony, a period of special parole was required pursuant to *Victor O. I*, and, therefore, the defendant's sentence was illegal because it did not include a period of special parole.[5] The court, thereafter, vacated the defendant's sentences and imposed the following new sentences.

On each count of sexual assault in the first degree, the court resentenced the defendant to eleven years incarceration, with one year of special parole; on the count of risk of injury to a child, the court resentenced the defendant to seventeen years incarceration, execution suspended after twelve years, with twelve years of probation; and, on the count of sexual assault in the fourth degree, the court resentenced the defendant to one year incarceration. The court ordered all sentences to run concurrently, for a total effective sentence of seventeen years incarceration, execution suspended after twelve years, with one year of special parole and ten years of probation. Both the state and the defendant now appeal from the trial court's judgment.[6]

The state claims that the defendant's original sentence was not illegal for lack of a term of special parole, and, therefore, the trial court improperly granted the defendant's motion on that ground. To support its claim, the state relies on two recent cases from our Supreme Court, *Victor O. II* and *Jason B.* The state further contends that we also must assume that the defendant's conviction for sexual assault in the first degree was for a class B felony.[7] The state contends that the burden to prove illegality in his sentence was on the defendant

and that he failed to provide any evidence to demonstrate that the crimes were class A felonies. Therefore, the state argues, we must assume that the original sentence on count one, which contained a term of probation, was legal, and we should hold as such.

The defendant acknowledges that our Supreme Court, in *Victor O. II* and *Jason B.*, clarified any ambiguity in the law regarding whether § 53a-70 (b) (3) required a period a special parole as part of a defendant's sentence. Indeed, in both of those cases the court held that § 53a-70 (b) does not require that a trial court sentence persons convicted under this statute to a period of special parole. He argues, nonetheless, that we should conclude that his original sentence was illegal for two reasons.

First, he contends that he relied, to his detriment, on the language of § 53a-70 (b) (3), which, he argues, plainly and unambiguously provides that a person convicted under this section "shall be sentenced to a term of imprisonment and a period of special parole." Second, he contends that he relied, to his detriment, on his reading of *Victor O. I*. He argues that in *Victor O. I*, the Supreme Court had construed the specific language in § 53a-70 (b) (3) and, in doing so, the court had concluded that a period of special parole *was required* in cases such as his. Ultimately, the defendant argues that, at the time he filed his motion, it was settled law that special parole was required and he should not be penalized for relying on established law.

The state responds that it was not settled law at all. The state contends that, although there may have been some question as to whether a period of special parole was required in cases of sexual assault in the first degree due to the language of § 53a-70 (b) (3) and a particular reading of a portion of our Supreme Court's decision in *Victor O. I*, the matter certainly was contested by the state. Thus, the state argues, the defendant's reliance on that disputed matter when preparing his motion is no reason to give him the benefit of his misinterpretation of the law. We agree with the state.

We set forth the applicable legal principles and our standard of review. "[T]he jurisdiction of the sentencing court terminates once a defendant's sentence has begun, and, therefore, that court may no longer take any action affecting a defendant's sentence unless it expressly has been authorized to act. . . . Practice Book § 43-22, which provides the trial court with such authority, provides that [t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner. An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. . . . We

previously have noted that a defendant may challenge his or her criminal sentence on the ground that it is illegal by raising the issue on direct appeal or by filing a motion pursuant to . . . § 43-22 with the judicial authority, namely, the trial court. . . . *State* v. *Tabone*, 279 Conn. 527, 533–34, 902 A.2d 1058 (2006). [B]oth the trial court, and this court, on appeal, have the power, at any time, to correct a sentence that is illegal. . . . *State* v. *Constantopolous*, 68 Conn. App. 879, 882, 793 A.2d 278, cert. denied, 260 Conn. 927, 798 A.2d 971 (2002). . . . [T]he issue is one of law, and we afford it plenary review." (Internal quotation marks omitted.) *State* v. *Mungroo*, 104 Conn. App. 668, 683–84, 935 A.2d 229 (2007), cert. denied, 285 Conn. 908, 942 A.2d 415 (2008); see also *State* v. *Barksdale*, 79 Conn. App. 126, 139, 829 A.2d 911 (2003).

We begin with the state's claim that the defendant's original sentence was not illegal for lack of a term of special parole. In *Victor O. II*, our Supreme Court expressly held that, pursuant to § 53a-70 (b) (3), a conviction of sexual assault in the first degree does not require the imposition of a period of special parole; rather, if the sentencing court *chooses to impose* a period of special parole along with the imposed term of imprisonment, the total sentence given a defendant for such a conviction must amount to at least ten years. *Victor O. II*, supra, 320 Conn. 258; see also *State* v. *Jason B.*, supra, 320 Conn. 264. Given such a clear holding by our Supreme Court, we need not discuss further whether a term of special parole is required under our law. This matter is settled. Special parole is not required. See also *State* v. *Ovesen*, 172 Conn. App. 250, A.3d (2017).

We next consider the defendant's request that we recognize that he acted in "justified reliance" on the language of *Victor O. I* in preparing his motion and that we affirm the trial court's judgment because of this. He contends that we should give him the benefit of his interpretation of our Supreme Court's decision in *Victor O. I* because the trial court agreed with his interpretation and felt bound by it, and because our Supreme Court itself "clearly recognized the misleading consequences of its opinion . . . ." He contends that if we apply *Victor O. II* in this case, it will amount to an impermissible retroactive application of the law. We are not persuaded.

"The principle that statutes operate only prospectively, while judicial decisions operate retrospectively, is familiar to every law student . . . ." (Internal quotation marks omitted.) *Rivers* v. *Roadway Express, Inc.*, 511 U.S. 298, 311, 114 S. Ct 1510, 128 L. Ed. 2d 274 (1994); see also *Kuhn* v. *Fairmont Coal Co.*, 215 U.S. 349, 372, 30 S. Ct. 140, 54 L. Ed. 228 (1910) ("[j]udicial decisions have had retrospective operation for near a thousand years") (Holmes, J., dissenting). In *Rivers*, the

United States Supreme Court held: "It is this [c]ourt's responsibility to say what a statute means, and once the [c]ourt has spoken, it is the duty of other courts to respect that understanding of the governing rule of law. A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." *Rivers* v. *Roadway Express, Inc.*, supra, 312–13. A decision that corrects a mistaken interpretation of the law does not constitute a change in the law. *Washington* v. *Commissioner of Correction*, 287 Conn. 792, 804, 810–11, 950 A.2d 1220 (2008). To understand the defendant's claim, we must review the Supreme Court's decisions in *Victor O. I* and *Victor O. II*. We begin with a review of *Victor O. I*.

In *Victor O. I*, the defendant, Victor O., was convicted of sexual assault in the first degree in violation of § 53a-70 (a) (2), a class A felony, and sentenced to twenty years of incarceration, execution suspended after twelve years, and twenty years of probation. *Victor O. I*, supra, 301 Conn. 193. Victor O. argued that this sentence was illegal because it did not contain a period of special parole and it did contain a period of probation. The state conceded that the sentence was illegal because it contained a period of probation.

Without identifying or addressing the precise contours of Victor O.'s argument or the state's concession, the Supreme Court remanded the case to the trial court for resentencing with respect to the conviction of sexual assault in the first degree, stating in relevant part: "As the state concedes, the sentence that the trial court imposed does not comply with § 53a-70 (b) (3) because it includes a period of probation rather than a period of special parole. Accordingly, the case must be remanded . . . for resentencing . . . ."[8] Id.

On remand, the trial court resentenced Victor O. to "a term of imprisonment of twelve years for his conviction of sexual assault in the first degree. [His] sentences on the other two counts remained the same. Accordingly, [his] total effective sentence after resentencing was the same as before his resentencing: thirty years of incarceration, execution suspended after fifteen years, and twenty years of probation." *Victor O. II*, supra, 320 Conn. 244–45.

Victor O. again filed a motion to correct an illegal sentence, contending in part that this new sentence also was illegal because it did not include a period of special parole. Id., 245. The trial court disagreed and denied the motion, concluding, in part, that the Supreme Court's remand order did not require the imposition of a period of special parole for any defendant convicted of sexual assault in the first degree. Id. Victor O., thereafter, appealed from that judgment, claiming that the Supreme Court in *Victor O. I* had determined that a period of special parole *was required* for any conviction

under § 53a-70. Id., 247. That appeal led to *Victor O. II*.

In *Victor O. II*, our Supreme Court stated that Victor O.'s claim "merits little discussion." Id. The court first noted that, because the state had conceded that the sentence was illegal—albeit for reasons other than whether a period of special parole was attached; see footnote 8 of this opinion—"we simply remanded the case to the trial court for resentencing, without considering whether, on remand, the trial court was required to sentence [Victor O.] to a period of special parole. . . . To the extent that anything we may have said therein [could] be construed as deciding the somewhat challenging question of statutory interpretation presented by the present appeal, it was not our intention to do so." (Citations omitted.) Id.

Then, specifically construing § 53a-70, the court held that a conviction of sexual assault in the first degree does *not require* the imposition of a period of special parole. Id., 258. Rather, the court explained, the sentencing court *may impose* a period of special parole along with the term of imprisonment, provided that the total sentence amounts to at least a ten year term. Id. The court also stated that its decision in *Victor O. I* had been misinterpreted by Victor O. as holding that a term of special parole was required in § 53a-70 cases, but that it had not ruled on that particular issue in *Victor O. I*. Id., 247. Thus, our Supreme Court agreed with the resentencing court that special parole was not required and that it had not set forth such a requirement in its remand order in *Victor O. I*. Id., 245–47.

It is clear from *Victor O. I* and *Victor O. II* that the issue concerning whether special parole was mandatory for defendants convicted of violating § 53a-70 had not been decided by a reviewing court until our Supreme Court issued its ruling in *Victor O. II*. Although there may have been some uncertainty created by the language in *Victor O. I* regarding whether a sentence pursuant to a conviction of § 53a-70 required a period of special parole, our Supreme Court neither addressed nor ruled on that issue in *Victor O. I*. Thus, the defendant's reliance on *Victor O. I* for the proposition that the requirement of special parole for those persons convicted of a violation of § 53a-70 was "settled law" prior to *Victor O. II* is untenable.

That this argument is untenable is further demonstrated by the action taken by the trial court in *Victor O. I* on remand, the very case on which the defendant relies. In *Victor O. I*, after our Supreme Court issued its remand order, the remand court resentenced Victor O. to a term of imprisonment of twelve years for his conviction of sexual assault in the first degree, with no period of special parole. Id., 244–45. The remand court specifically concluded that our Supreme Court did not hold that a period of special parole was required for all persons who were convicted of sexual assault in the

first degree. Id., 245. At best, then, the issue that the defendant now claims was "settled law" when he filed his motion and the trial court issued its ruling in the present case would be characterized, more appropriately, as unsettled in Supreme Court case law. The "requirement" of special parole for persons convicted of § 53a-70 had not been construed by our Supreme Court, and *Victor O. I* certainly did not clarify the issue.

In any event, it is clear that whether special parole was required was not "settled law" when the defendant filed his motion. The defendant's mistaken interpretation and contention that it was "settled law" is not a basis for this court essentially to pretend that the law was settled by *Victor O. I* and to then conclude that the law changed with *Victor O. II*. See *Washington* v. *Commissioner of Correction*, supra, 287 Conn. 804 (decision that corrects mistaken interpretation of law, does not constitute change in law). Accordingly, the defendant's argument, that he relied on the purported "settled law" that special parole was mandatory, as allegedly established by *Victor O. I*, is without merit.

Finally, we consider the state's contention that if we agree that the defendant's original sentence was not illegal because it did not include a period of special parole, we must determine whether the defendant's conviction for sexual assault in the first degree, as alleged in count one, was a class A or a class B felony. The state contends that if the defendant's conviction, on count one, of sexual assault in the first degree was a class A felony, then a period of probation would not have been allowed pursuant to § 53a-29[9] and the original sentence on count one, therefore, would be illegal. The state further contends that, because the defendant failed to meet his alleged burden of proof by providing evidence that his conviction on count one was, instead, a class A, rather than a class B, felony, we must assume and hold that the conviction was for a class B felony and that the sentence, therefore, was legal.[10]

The defendant contends that we should not decide this issue because it was neither presented to nor decided by the trial court. He argues that it was not his theory of illegality before the trial court and that he, therefore, did not attempt to provide any proof whatsoever that his conviction on count one should have been classified as a class A felony. We agree with the defendant.

"Only in [the] most exceptional circumstances can and will [a reviewing court] consider a claim, constitutional or otherwise, that has not been raised and decided in the trial court." (Internal quotation marks omitted.) *State* v. *Martin M.*, 143 Conn. App. 140, 151, 70 A.3d 135, cert. denied, 309 Conn. 919, 70 A.3d 41 (2013). "For this court to . . . consider [a] claim on the basis of a specific legal ground not raised during trial would amount to trial by ambuscade, unfair both

to the [court] and to the opposing party." (Internal quotation marks omitted.) *State* v. *Koslik*, 116 Conn. App. 693, 702, 977 A.2d 275, cert. denied, 293 Conn. 930, 980 A.2d 916 (2009).

For purposes of this appeal, we assume, without deciding, that the defendant's conviction on count one was for a class B felony. Pursuant to Practice Book § 43-22, we "may at any time correct *an illegal sentence*"; (emphasis added); even when the claim is raised for the first time on appeal. See *State* v. *Cator*, 256 Conn. 785, 804–805, 781 A.2d 285 (2001); *State* v. *Kosuda*, 85 Conn. App. 192, 195 n.1, 856 A.2d 480 (2004). Here, however, the state does not ask us to correct an *illegal sentence*; rather, it seeks to have us issue a ruling declaring that the defendant's sentence *is legal* because the defendant did not claim and prove that it was illegal on the ground that the conviction was for a class A felony and the sentence improperly included a period of probation.

Because the defendant does not claim that his sentence on count one is illegal on the ground that his conviction should have been classified as a class A felony, for which our Supreme Court has ruled a period of probation would not be permitted, we decline to issue the ruling that the state is seeking; there simply is no record on which we could base such a ruling. Indeed, we must assume that the defendant's conviction for both counts of sexual assault in the first degree was for a class B felony because we have no record that would permit us to go beyond that assumption, neither party having ever challenged the assumed classification.[11] Therefore, under the particular and unique facts of this case, we conclude that it would be unfair to the defendant to decide this issue by holding that the defendant failed to meet a burden of proof on a claim he never made. Because the record is inadequate, we also decline to hold that count one necessarily *is not* a class A felony.

The judgment is reversed and the case is remanded with direction to reinstate the defendant's original sentence and to deny his motion to correct an illegal sentence.

In this opinion the other judges concurred.

[1] Because we conclude that the defendant's original sentence was not illegal, we need not determine whether his new sentence exceeds his original sentence.

[2] The defendant later filed a petition for a writ of habeas corpus on the ground of ineffective assistance of counsel. The habeas court denied the petition. This court reversed the judgment of the habeas court in part and remanded the case for further proceedings. *Ruiz* v. *Commissioner of Correction*, 156 Conn. App. 321, 113 A.3d 485 (2015). Both the state and the defendant filed petitions for certification to appeal from our decision. Our Supreme Court granted the state's petition; *Ruiz* v. *Commissioner of Correction*, 319 Conn. 923, 125 A.3d 199 (2015); but denied the defendant's petition. Id. The state, however, withdrew that appeal on January 28, 2016.

[3] General Statutes (Rev. to 2001) § 53a-70 (b) (3), as amended by Public Acts 2002, No. 02-138, § 5, provides: "Any person found guilty [of sexual assault in the first degree] shall be sentenced to a term of imprisonment

and a period of special parole pursuant to subsection (b) of section 53a-28 which together constitute a sentence of at least ten years." Hereinafter, unless otherwise indicated, all references to § 53a-70 (b) (3) in this opinion are to the 2001 revision of the statute, as amended by P.A. 02-138.

[4] The charging document had alleged that the sexual assaults occurred "between 2002 and 2003." Prior to October 1, 2002, a violation of § 53a-70 (a) (2) was a class B felony; effective October 1, 2002, our legislature upgraded a violation of § 53a-70 (a) (2) to a class A felony. See Public Acts 2002, No. 02-138 § 5. Both the state and the defendant agree that if the conviction was for a class A felony, no period of probation would have been permitted.

Pursuant to the 2001 revision of § 53a-70 (b), which was in effect at relevant times prior to October 1, 2002: "Sexual assault in the first degree is a class B felony for which two years of the sentence imposed may not be suspended or reduced by the court or, if the victim of the offense is under ten years of age, for which ten years of the sentence imposed may not be suspended or reduced by the court, and any person found guilty under this section shall be sentenced to a term of imprisonment and a period of special parole pursuant to subsection (b) of section 53a-28 which together constitute a sentence of at least ten years." General Statutes (Rev. to 2001) § 53a-70 (b).

On October 1, 2002, the legislature's amendments to § 53a-70 became effective by P.A. 02-138. In relevant part, § 53a-70 (b) was amended as follows: "(1) Except as provided in subdivision (2) of this subsection, sexual assault in the first degree is a class B felony for which two years of the sentence imposed may not be suspended or reduced by the court or, if the victim of the offense is under ten years of age, for which ten years of the sentence imposed may not be suspended or reduced by the court.

"(2) Sexual assault in the first degree is a class A felony if the offense is a violation of subdivision (1) of subsection (a) of this section and the victim of the offense is under sixteen years of age or the offense is a violation of subdivision (2) of subsection (a) of this section. Any person found guilty under said subdivision (1) or (2) shall be sentenced to a term of imprisonment of which ten years of the sentence imposed may not be suspended or reduced by the court if the victim is under ten years of age or of which five years of the sentence imposed may not be suspended or reduced by the court if the victim is under sixteen years of age.

"(3) Any person found guilty under this section shall be sentenced to a term of imprisonment and a period of special parole pursuant to subsection (b) of section 53a-28 which together constitute a sentence of at least ten years." General Statutes (Rev. to 2001) § 53a-70 (b), as amended by Public Acts 2002, No. 02-138, § 5.

We note that although General Statutes (Rev. to 2001) § 53a-70 (b) did not contain a subsection (3), both the 2001 revision and P.A. 02-138 provided that a person convicted under the statute "shall be sentenced to a term of imprisonment and a period of special parole pursuant to subsection (b) of section 53a-28 which together constitute a sentence of at least ten years."

[5] The state had argued that § 53a-70 did not require a period of special parole and that our Supreme Court had not held as such in *Victor O. I.* The state also told the court that *Victor O. II* was pending before our Supreme Court, and that, in that case, the Supreme Court would be addressing the issue of whether special parole was required for a sentence pursuant to § 53a-70. As a result, the state asked the trial court to defer its ruling on the motion until our Supreme Court issued a decision in *Victor O. II.* The court, however, declined to defer its ruling because of the age of this case. It then concluded that, although it did not necessarily agree with what it considered to be the Supreme Court's interpretation of § 53a-70 (b) (3) in *Victor O. I*, the decision in *Victor O. I* could only be read as requiring the imposition of a period of special parole.

[6] Although the parties initially filed separate appeals, this court ordered that the appeals be combined and be treated as cross appeals. This court also granted a motion filed by the state to stay briefing in this appeal pending the decision of our Supreme Court in *Jason B.* and *Victor O. II.*

[7] The state posits that if the conviction was for a class A felony, pursuant to General Statutes § 53a-29 (a), a term of probation would have been prohibited for count one, and the sentence would be illegal on this ground because § 53a-29 (a) provides: "The court may sentence a person to a period of probation upon conviction of any crime, *other than a class A felony . . . .*" (Emphasis added.) We are mindful that our legislature has amended § 53a-29 several times since the defendant's commission of the crimes that formed the basis of his conviction. Nevertheless, because those amendments

have no bearing on the outcome of this appeal, we refer only to the current revision of § 53a-29.

We note that, effective October 1, 2015, the legislature amended § 53a-70 (b) (3) to permit a period of supervised probation for class A felonies under this section. See Public Acts 2015, No. 15-211, § 16 ("Any person found guilty under this section shall be sentenced to a term of imprisonment of at least ten years, a portion of which may be suspended, except as provided in subdivisions (1) and (2) of this subsection, or a term of imprisonment and a period of special parole pursuant to subsection (b) of section 53a-28 which together constitute a sentence of at least ten years. Notwithstanding the provisions of subsection (a) of section 53a-29 and except as otherwise provided in this subsection, a court may suspend a portion of a sentence imposed under this subsection and impose a period of supervised probation pursuant to subsection (f) of section 53a-29.").

[8] In *Victor O. II*, our Supreme Court acknowledged that that statement was unclear, that it set forth too broadly the state's concession in *Victor O. I*, and that its decision and remand order could have been misinterpreted on that basis: "As we previously noted, in support of his contention that § 53a-70 (b) (3) requires that he be sentenced to a period of special parole, the defendant relies on our statement in [*Victor O. I*,] supra, 301 Conn. 163, that, '[a]s the state concedes, the sentence that the trial court imposed does not comply with § 53a-70 (b) (3) because it includes a period of probation rather than a period of special parole.' Id., 193. Although we recognize that it is possible to construe this statement as indicating that the defendant must be resentenced to a period of special parole instead of a period of probation, we intended only to explain that probation was prohibited and that special parole was the only form of supervised release that could be imposed. Indeed, the state did not concede that the defendant's sentence was illegal because it should have included a period of special parole; the state conceded only that probation was not an authorized sentence because the defendant had been convicted of a class A felony. In fact, the state expressly argued that the trial court is never required to sentence a defendant to special parole but that, if the court does elect to impose such a sentence, then the term of imprisonment and period of special parole together must total at least ten years." (Emphasis omitted.) *Victor O. II*, supra, 320 Conn. 247–48 n.9.

[9] General Statutes § 53a-29 (a) provides in relevant part: "The court may sentence a person to a period of probation upon conviction of any crime, other than a class A felony . . . ."

[10] Although requesting that we issue a ruling concluding that the defendant's conviction on count one was for a class B felony, in response to a question by the panel during oral argument before this court, the state expressed that it was not immediately aware of any doctrine that would prohibit the defendant from offering evidence in another proceeding to substantiate a claim that his conviction was for a class A, rather than class a B, felony.

[11] The only document we have seen in the record that appears to set forth the classification for the charges of sexual assault in the first degree, as class B felonies, is the short form information, which the court also uses as its docket sheet during the criminal trial. The charges set forth in that information, however, were superseded by a long form information.

---